UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>MARK ANTHONY BISCAR,<br><br>Defendants. | Case No. 1:19-cv-00235-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Mark Anthony Biscar's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 33. The Government has filed an opposition to Biscar' Motion. Dkt. 35. Biscar filed a reply and the matter is ripe for the Court's consideration. Dkts. 36, 37, 38.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

# II. BACKGROUND

On February 19, 2020, after pleading guilty to Possession of Child Pornography, the Court sentenced Biscar to 70 months incarceration, followed by 20 years of supervised

release. Dkt. 26. Biscar is currently incarcerated at Big Springs Federal Correctional Institution (FCI), in Big Spring, Texas.

On May 27, 2020, Biscar submitted a request for compassionate release to the warden at Big Spring FCI. Dkt. 36, at 5. The warden received Biscar's request on June 3, 2020 and denied the request on June 12, 2020. *Id.*

Biscar filed a Motion for Compassionate Release with the Court on July 7, 2020. Dkt. 33. He cited to his underlying health conditions in conjunction with the Covid-19 pandemic, as reasons justifying his release.

### III. LEGAL STANDARD

Biscar seeks compassionate release under the First Step Act's ("FSA") newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[1] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Biscar submitted his request for compassionate release with the Big Springs FCI staff on May 15, 2020. The Bureau of Prisons denied this request on May 24th, directing Biscar to submit his request to the prison warden. On May 27th, Biscar submitted a request for compassionate release to the warden at Big Spring FCI. The warden subsequently denied Biscar's request. Because Biscar filed this motion with the court on July 7, 2020—

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

more than 30 days after submitting his request to the warden—the Court finds that he has exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

Having determined that Biscar exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Biscar's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Biscar bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 3:13-cr-0044-BR, 2020 WL 1673440, at 3 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). Because this is no longer the law with the FSA, which allows defendants to seek relief

MEMORANDUM DECISION AND ORDER - 4

directly from the court, this "leaves district courts in a conundrum." *Id*. (explaining that Congress now allows district courts to grant petitions "consistent with the applicable policy statements" from the Sentencing Commission, although the Sentencing Commission "has not made the policy statements for the old regime applicable to the new one").

A growing number of district courts have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). However, other courts have concluded "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *Mondaca*, 2020 WL 1029024, at *3 (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if references to the identity of the moving party are not").

The Court need not decide the issue, however, because Biscar suggests one of the specific scenarios set out in the Sentencing Commission's policy statement applies in this case. *Brown*, 411 F. Supp. 3d at 451 (district courts "still must act in harmony with any sentencing policy guidelines that remain applicable and the § 3553(a) factors"). Here, Biscar seeks compassionate release under the "medical condition" scenario in subdivision

MEMORANDUM DECISION AND ORDER - 5

(A) of U.S.S.G. 1B1.13, Application Note 1.[3] Biscar argues that his chronic obstructive pulmonary disease (COPD), in conjunction with the Covid-19 pandemic, constitute extraordinary and compelling reason warranting his release.

Biscar's health condition does place him at a higher risk of contracting a severe case of COVID-19. The CDC lists COPD as an underlying health condition which places individuals at an increased risk of contracting COVID 19. Additionally, the Government concedes that this condition, coupled with the risk of COVID-19, presents an "extraordinary and compelling reason" to release Biscar.

However, while conceding that Biscar's health condition places him at an increased risk, the Government contends that Biscar would not be at less risk if released into the

---

[3] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

    (A)    Medical Condition of the Defendant.—

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is—

    (I)    suffering from a serious physical or medical condition,

    (II)    suffering from a serious functional or cognitive impairment, or

    (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

community. The Court does not agree. Currently, FCI Big Spring has reported 720 cases of COVID-19 among inmates, as well as 3 deaths.[4] Among these cases, 59 are active at the time of this opinion. This is a startling number of cases, especially considering FCI Big Spring only has 1,032 inmates.[5] The Government argues that Ada County—where Biscar would reside if released—has also see rampant community spread of COVID-19.[6] However, it is difficult to compare a large county, where individuals are able to socially distance and avoid large gatherings, with a prison where inmates have little freedom in their movements and surroundings, and where 70% of inmates have contracted COVID-19. At the same time, it is also difficult to compare a large county, where individuals may or may not choose to be tested, with a prison where the vast majority of the inmates have been tested. Nevertheless, the Court finds that due to the widespread nature of COVID-19 in FCI Big Springs, Biscar would be at less of a risk if released to the community.

Finally, the Government asserts that there are compelling reasons *not* to release Biscar, despite his health conditions. First, the Government asserts that Biscar remains a danger to society due to his conviction for the possession of child pornography. Since his conviction, Biscar has not received any sort of sex offender treatment. Second, as part of his motion, Biscar argues he should be placed on home confinement if released. However,

---

[4] *Coronavirus*, FEDERAL BUREAU OF PRISONS (last updated December 3, 2020), https://www.bop.gov/coronavirus/.
[5] *FCI Big Spring*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/big/ (last visited Dec. 4, 2020).
[6] *Idaho Dept. of Health and Welfare's Covid-19 Dashboard,* TABLEAU PUBLIC (last updated December 3, 2020), https://public.tableau.com/profile/idaho.division.of.public.health#!/vizhome/DPHIdahoCOVID-19Dashboard/Home.

MEMORANDUM DECISION AND ORDER - 7

his home is where he committed the instant offense. Thus, the Government argues that there remains a risk of Biscar "again sexually exploiting children through the distribution and receipt of child pornography." Dkt. 35, at 14. The Court agrees with the Government in both respects.

Additionally, the Government argues that the application of the 18 U.S.C. § 3553(a) factors weigh against Biscar's release. *Id.*[7] In particular, the Government asserts that granting Biscar's motion, after he has served less than a year of his sentence, would not reflect the serious nature of his offense. The Court agrees with this argument. Possession of child pornography is a serious crime which perpetuates the sexual abuse of children in the community. In addition to possessing child pornography, Biscar was also involved in its distribution through his administration of a group chat where members exchanged images of child pornography. Reducing Biscar's term of incarceration from 70 months—which was already below the guideline range—to less than a year does not adequately

---

[7] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)

reflect the seriousness of his actions. The Court agrees that this is a compelling reason for denying Biscar's motion.

In sum, the Court finds that Biscar has exhausted his administrative remedies and has demonstrated an "extraordinary and compelling reason" for his release. However, Biscar has failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Biscar at this time. Accordingly, the Court must DENY Biscar's motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Biscar's Motion for Compassionate Release (Dkt. 33) is DENIED.

DATED: December 7, 2020

David C. Nye
Chief U.S. District Court Judge